## 10822

### DACUS v. WILLIAMSTON MILLS

### (110 S. E. 393)

1. Landlord and Tenant—Sharecropper Has No Title to Crop Until After Division.—Sharecropper has no title to any portion of crop until division thereof.
2. Constitutional Law—Courts Cannot Change Law to Prevent Hardship in Special Case.—Courts have no right to change law in order to prevent a hardship in a special case.

Before Sease, J., Anderson, March, 1921. Affirmed.

Action by Mrs. Cora E. Dacus against Williamston Mills. Judgment for plaintiff and defendant appeals

Messrs. *Bonham & Allen,* for appellant, cite: *Liens for rents:* 1 Civ. Code 1912, Sec. 4162. *And for advances:* Id. Sec. 4165. *Landlord's lien should be recorded:* 96 S. C., 313.

Mr. *A. H. Dagnall,* for respondent, cites: *Court charged the law of* 96 S. C., 313. *Landlord is legal owner of crop*

*until division is made*: 1 Hill 365; 20 S. C., 1; 20 S. C., 6; 40 S. C., 511; 52 S. C., 580; 70 S. C., 391; 102 S. C., 499; 110 S. C., 487. *Defendant should have objected to form of verdict before jury was discharged:* 113 S. C., 151; 108 S. E., 94. *Owner has right to recover her property even though bought innocently by third person*: 102 S. C., 499; 110 S. C., 487.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The statement in the appellant's argument is as follows:

"The plaintiff brought her action in the Court of Common Pleas for Anderson County on the 25th day of January, 1921. The action was in claim and delivery, and was for the recovery of three bales of cotton of the alleged value of $282.96, and for $217.04 actual and punitive damages for the unlawful detention thereof. Plaintiff alleged that Kay was a laborer and share cropper on plaintiff's land, and that Kay sold the cotton in dispute without her knowledge or consent. Defendant alleged that Kay was a renter and had the right to sell the cotton; that it bought the cotton in open market without notice of plaintiff's claim. The case was heard at the March term of the Court, 1921, before Judge Sease and a jury, and resulted in a verdict for the plaintiff for the possession of the property in dispute, or $172.96, the value thereof, in case a delivery cannot be had, and $110.04 damages. In due time the defendant gave notice of its intention of appeal, and does now appeal from the verdict and the judgment entered thereon.

The point at issue between the parties was, Was Kay a renter or a "share cropper"?

The plaintiff did not claim a lien, but claimed to be the owner. That issue was submitted to the jury, and it found for the plaintiff. It is well settled in this State that the laborer or "share cropper" has no title to

the crop until after division of the crop. This is the law, and the Courts have no right to change the law in order to prevent a hardship in a special case.

Judgment is affirmed.